UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 22-cr-23-02 (TFH) |
| Tina Logsdon,         *defendant*. | ) | |

MOTION TO MODIFY CONDITION OF RELEASE

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to modify the condition of release that restricts her ability to possess firearms during the pendency of this case. The reasons follow.

1. Defendant is charged in a four-count criminal information with misdemeanor offenses the government alleges she committed on January 6, 2021, at the United States Capitol. Those offenses are Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; and Parading, Demonstrating, or Picketing in a Capitol Buildings, violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§5104(e)(2)(D) and (e)(2)(G), respectively. Defendant is charged with her husband, codefendant Christopher Logsdon, whose charges are identical to those of his wife..

2. Defendant appeared on Feb. 1, 2022, for her initial appearance in the instant case before Mag. Judge Robin M. Meriweather.[1] Judge Meriweather was charged with determining, under 18 U.S. §3142(c)(1)(B)[2], "the *least restrictive* further condition, or combination of

---

[1] The defendant did not have a Rule 5 hearing in the Southern District of Illinois before appearing here.

[2] Pretrial Services recommended, and the government did not oppose, the defendant's release with conditions.

conditions, that…will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person…(k)(viii) refrain from possessing a firearm, destructive device or other dangerous weapon…" (italics added)

3. The D.C. Pretrial Services Agency ("PSA")  recommended "General Supervision," including, among others, the condition "Do not possess firearms." (PSA report, page 1)  Judge Meriweather followed its recommendation.  The actual "Order Setting Conditions of Release" prohibits the defendant from possessing "a firearm, destructive device, or other weapon." (ECF Doc. 12, ¶7(k), page 2)

4.  Defendant was also ordered to "submit to supervision by and report for supervision to the Southern District of Illinois ("SDIL") (as directed)...." (Id., ¶7(a))[3]

5.  It is counsel's understanding that PSA recommends a no-possession condition for defendants in January 6 cases, many of whom reside elsewhere than in the D.C. metropolitan area.  They receive "courtesy supervision" by PSA (and in some cases U.S. Probation) officers in other districts.  The concern is that those officers who make home visits could be in peril by entering a residence where firearms are located.  There appears to be no other stated purpose for this restriction.

6. The defendant complied with the order by removing her firearms from her residence and placing them for safekeeping with a trusted individual (who wishes to remain anonymous).  Defendant also reported as required to U.S. Probation Officer Amy J. Gischer of the SDIL.

---

[3] Defendant's husband, codefendant Christopher Logsdon, was also ordered not to possess a firearm, destructive device, or other weapon. (ECF Doc. 11, ¶7(k), page 2)

7. Defendant reports that USPO Gischer visited defendant's home on Feb. 14, 2022, taking photographs of the residence. Counsel spoke with USPO Gischer regarding the defendant's conditions of release, specifically the firearms restriction.  She  provided to counsel a copy of the "Pretrial Release Reporting Instructions" that she left with the defendant. (Exhibit 2) The conditions reiterate the prohibition on firearms, and require the defendant to prepare monthly reports, due the 10th of each month.  The defendant is not required to report otherwise, either in person or by telephone.

8. Defendant opposes the imposition of the firearm restriction.[4]  Defendant has a permit, a Firearm Owner's Identification Card ("FOID"), issued by the Firearms Services Bureau ("FSB") of the Illinois State Police. (Exhibit 1, redacted, attached).  Illinois requires such registration for its residents to lawfully possess firearms, even if the weapons remain in one's residence (for personal protection) and are not carried into public areas.[5]

9. Defendant moves the Court to lift the restriction on her possession of firearms.  The Second Amendment to the Constitution, as interpreted by the U.S. Supreme Court in the case of *McDonald v. Chicago,* 561 U.S. 742 (2010), relying in part on *Heller v. District of Columbia,* 554 U.S. 570 (2008), assures a private person's right to possess firearms in states and localities. That right may, of course, be subject to reasonable restrictions.

10.. Defendant contends that the restriction here is neither reasonable in or justified by these circumstances.  Defendant does not present any factors that would suggest she's a danger to others.  She has no criminal record; is employed as a manager at a service station in her

---

[4] Attorney Kira West, who represents the defendant's husband, stood in for counsel at the Feb. 1, 2022, initial appearance.  Counsel was therefore not present to object to this restriction when it was proposed and entered.

[5] It also offers concealed carry permits.

community; and was vetted by Illinois authorities when she sought and received her FOID card.[6] She is not a "prohibited person" under 18 U.S.C. §922(g) that would make her possession of firearms illegal.[7] Further, there's no evidence before the Court of a history of mental health problems, or alcohol or drug abuse.. The charges she faces in the instant case are all *non*-violent misdemeanors. Allegations do not include either assaults against persons or the vandalizing or destruction of property.

11. Defendant has a need for her firearms. Her husband, the codefendant, works a night shift and is not at home for those hours with her and their two children (20 and 15 years of age) who live in the home. They live in a rural community where, according to USPO Gischer, many residents have firearms, not only for hunting or recreational purposes but also for personal protection. The defendant needs these firearms to protect herself and for the protection of her family.[8]

12. Given that the defendant has a reporting condition that does not involve physical contact with USPO Gischer, who provides courtesy supervision for this Court, and that Officer Gischer has already performed a home visit, the need for a firearms restriction evaporates.[9]

---

[6] The defendant remembers it took between six months and a year after she applied to get her FOID card.

[7] Which would also prevent her from getting a FOID card. *See* instructional questionnaire, "Am I eligible?" from the Illinois State Police website.  requirements for a FOID card are roughly coextensive with those in federal law. *See* https://www.ispfsb.com/Public/FOID.aspx (Exhibit 3, attached)

[8] It is not illegal for the defendant to possess firearms in the home even though her husband doesn't have his own FOID card. Nothing  in the FOID information section on the Illinois State Police website appears to suggest that all eligible persons in a single residence must have a FOID card for anyone to legally possess a firearm. (Counsel has sought but not received from the FSB an answer to his inquiry about this issue.)  *See* https://www.ispfsb.com/  The codefendant had a FOID card, which expired in 2005 and was not renewed.

[9] In the event that USPO Gischer should need to visit the home, the defendant would secure the firearms after receiving notice of the date and time of the visit.

13. Defendant submits that a blanket application in the January 6 set of cases of the non-possession restriction violates a basic principle of our criminal justice system: to treat defendants, and their cases, individually.  Our system is not designed to, nor should it, treat defendants in bulk, much less as fungible, without further discrimination.  A restriction that infringes on a constitutional right should not be considered a "standard condition" of pretrial release, certainly not without an examination into both the need for the restriction and whether or not it is justified in the circumstances, taking into account the nature of the case along with the defendant's background.  It should also be pointed out that the defendant stands charged with these offenses but is presumed innocent unless and until proven guilty.

14. For the reasons stated above, the defendant urges the Court to remove the restriction on the possession of firearms during the pendency of this case.

A proposed Order is attached.

WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Elizabeth Rogers, Esq., DOJ-USAO, attorney of record for the United States, and upon Kira Anne West, Esq., attorney for codefendant Christopher Logsdon, this 16th day of February, 2022.

/s/
_____
*Nathan I. Silver, II*