UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | USDC No. 22-cr-23-02 (TFH) |
| ) | |
| Tina Logsdon, *defendant*. ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid at sentencing on October 28, 2022, when she appears before the Court for her sentencing hearing.

1. On January 18, 2022, the defendant was charged in a criminal Information  Defendant made her first appearance in this case, before Mag. Judge Robin M. Meriweather, on February 1, 2022.  She was charged, along with her husband, codefendant Christopher Logsdon, with four misdemeanor offenses resulting from her involvement in the Capitol Hill protests of January 6, 2021: (a) Entering and Remaining in a Restricted Building (Count One), in violation of 18 U.S.C. §1752(a)(1); (b) Disorderly and Disruptive Conduct Which Impedes the Conduct of Government Business, in violation of 18 U.S.C. §1752(a)(2); (c) Disruptive Conduct in the Capitol Buildings,  in violation of 40 U.S.C. 5104(e)(2)(D), and (d) Demonstrating, Picketing or Parading in a Capitol Building, in violation of 40 U.S.C. 5105(e)(2)(G) ("Demonstrating").

2. On February 1, 2022, before Mag. Judge Robin M. Meriweather, the defendant made her first appearance in this case,   She was released on her own recognizance, subject to standard conditions imposed by the Court. (*See* ECF Doc. 12, "Order Setting Conditions of Release," Feb.

1, 2022)  She has complied with those conditions, with no evidence of infractions during the time between her release and current date.[1]

3.  On July 20, 2022, per a Plea Agreement with the United States, the defendant entered a plea of guilty to Demonstrating, a petty offense which carries a maximum sentence up to six (6) months imprisonment, a fine of up to $5,000, a term of probation not to exceed five (5) years and a $10 special assessment.  As a petty offense, the U.S. Sentencing Guidelines do not apply. (Presentence Investigation Report ("PSI"), page 7, ¶29)  The defendant agreed to pay $500.00 in restitution toward defraying the cost of repairs to the U.S. Capitol which were required after the riot.

4.  Defendant and her counsel reviewed the draft PSI and found no material errors or omissions.  The defendant and her counsel have also reviewed the U.S. Probation Office's Sentencing Recommendation (ECF Doc. 48, filed Oct. 20, 2022), which recommends fourteen (14) days of incarceration, with no period of probation to follow.

5.  While in the Capitol or on its grounds, the defendant did not commit any violent or destructive act, either to persons or property.  Nor did she steal or take items from the building, as did a number of other protestors.  This is not surprising, because the building's beauty left her awestruck.[2]

6. Apart from a few scrapes with the law, mostly traffic violations (see PSI, page 7, ¶¶28, 30-34), the defendant has been a hard-working, law-abiding citizen throughout her adult life.

---

[1] Those conditions were modified in a minute Order issued on March 9, 2022, to permit the defendant to possess a firearm in the home, for the protection of herself and children.

[2] The defendant will not recount her activities on January 6. They appear in both the Statement of Offense (ECF Doc. 42, pages 3-4) and the final PSI (pages 5-6, ¶¶17-20)  She adverts the Court to pages 10-12 of codefendant Christopher Logsdon's sentencing memorandum (ECF Doc. 49, filed Oct. 21, 2022)

The Court has before it the defendant's work history, family background, sense of responsibility for others. Much of this she attributes to her foster mother, Terry Wise, who became her adoptive mother, and finally – the result of Ms. Wise's loving kindness – her *mother*. (PSI, page ¶44)  They needn't be restated.

      7. 11. Under 18 U.S.C. §3553(a) the following factors:

(a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

      8.  A period of probation, in lieu of incarceration,  would satisfy the "need for the sentence…to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." During this time, the defendant would be answerable to the U.S. Probation Office. She would be subject to the jurisdiction of the Court, knowing that any infraction could lead to revocation of the probationary term, with incarceration to follow.  Such a term would at the same time provide deterrence specific to the defendant, operating as a disincentive to further criminal behavior.

9. A term of probation would also deter generally. The public is aware from the comprehensive coverage of the January 6 events and the arrests that followed of the serious efforts the government has made to prosecute persons involved with the protests and, what in many cases, the violence that followed. These cases have been followed very closely by the press in the localities of defendants, so the public will be aware of the defendant's responsibility for her conduct. That can serve to deter others in the future in similar situations.

10. The defendant submits that a probationary term would satisfy the various §3553 factors. The Court may also impose a requirement of community service, which the defendant could perform, despite her medical needs and continuing efforts to abstain from alcohol. Last, in the event that this Court believes that incarceration, not probation, is appropriate, the defendant requests that the Court permit her to serve her time in home confinement.

11. In the event the Court imposes a period of incarceration on both the defendant and her husband, the defendant requests that the Court allow them to serve their sentences serially, not simultaneously. This would allow one parent to be with their fifteen year-old daughter while the other is incarcerated.

12. Finally, the defendant requests that, should the Court impose a term of probation, that it not prohibit the defendant from possessing a firearm during the probationary period. The Court previously granted, without opposition from the government, the defendant's motion to lift the firearms restriction based on the defendant's demonstrated need to have a firearm for her and her daughter's safety. The defendant's husband works at night and is often away from night until morning from the family's rural home. The defendant needs the firearm, which she possesses

legally[3], in this circumstance. This would be a continuation of the current condition, which the defendant has complied with and not caused anyone to be in danger, not a new condition.

For all the reasons noted above, the defendant respectfully requests a sentence of probation.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Thomas D, Campbell, Esq., DOJ-CRM, Health Care Fraud Section, this 21st day of October, 2022.

/s/
_____
*Nathan I. Silver, II*

---

[3] As previously noted in defendant's Motion to Modify Condition of Release, defendant possesses a valid FOID (Firearms Owner Identification) card, issued by Illinois, her state of residence. (ECF Doc. 17, Exhibit 1)